## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

     **v.**                                **Case No. 17-20074-JAR-01**

**JORGE PORTILLO-URANGA,**

     **Defendant.**

---

## MEMORANDUM AND ORDER

On October 13, 2020, this Court sentenced Defendant Jorge Portillo-Uranga to a total term of 262 months' imprisonment.[1]  This matter is now before the Court on Defendant's pro se "Motion of Requirement for rectification of computation of imprisonment by the Federal Bureau of Prisons" (Doc. 640).  Defendant contends that the Bureau of Prisons ("BOP") has miscalculated the start date for his term of imprisonment as September 2020, and that he should receive credit for his time served in federal custody since 2017.

18 U.S.C. § 3585 provides in relevant part that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences" if the time spent in detention prior to the sentence taking effect was "a result of the offense for which the sentence was imposed" or because it was "a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed."[2]  Further, a defendant may receive credit for time served only if the time "has not been credited against another sentence."[3]

---

[1] Doc 489.

[2] 18 U.S.C. § 3585(b)(1)–(2).

[3] *Id.*

The Supreme Court has explained that a district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the BOP.[4]  Before seeking judicial review of credits under § 3585(b), however, prisoners must exhaust their administrative remedies with the Attorney General.[5]  If a defendant is dissatisfied with the results after pursuing and exhausting his administrative remedies, then he may file a petition for judicial review under 28 U.S.C. § 2241 in the judicial district where he is incarcerated.[6]  Here, there is no indication that Defendant has sought administrative relief by presenting to the Attorney General and the BOP his request for recalculation of his sentence.[7]  Therefore, this Court lacks jurisdiction and must dismiss Defendant's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion seeking recalculation of his term of imprisonment (Doc. 640) is **dismissed**.

**IT IS SO ORDERED.**

---

[4] *United States v. Wilson*, 503 U.S. 329, 333–35 (1992); *see also United States v.  Jenkins*, 38 F.3d 1143, 1144 (10th Cir 1994) (explaining that "credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing").

[5] *United States v. Woods*, 888 F.3d 653, 654 (10th Cir. 1989) (citing *United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988)).

[6] *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief . . . .") (citations omitted); 28 U.S.C. § 2241(a).  The Court notes that  an additional reason requires dismissal of Defendant's motion: he is currently incarcerated at FCI Big Spring, which is located in the United States District Court for the Northern District of Texas, but seeks relief from the District of Kansas, where he was sentenced.

[77] The Court declines Defendant's request that the Court notify the Attorney General of his allegations of error so that the government may recalculate his term of incarceration.  While this Court cannot act as Defendant's advocate, it has sought to explain through this order the reasons that his request must fail and that he must himself first pursue administrative remedies through the Attorney General and BOP.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that although the court construes pro se litigant's filings liberally, it does not become an advocate for the pro se party).

Dated: June 2, 2023

                                                   S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE