IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-CR-20074-JAR-1 |
| JORGE PORTILLO-URANGA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's pro se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 664). Specifically, Defendant's motion asserts he is entitled to a sentence reduction based upon the fact that he is a "Zero-Point Offender." The motion is fully briefed, and the Court is prepared to rule. For the reasons discussed below, the Court dismisses Defendant's motion.

**I.   Facts**

On November 21, 2019, Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana and cocaine; two counts of using a communication facility to facilitate a drug trafficking offense; two counts of money laundering; and three counts of possession with intent to distribute more than 500 grams of cocaine.[1] On September 2, 2020, the Court sentenced Defendant to a controlling sentence of 262 months' imprisonment.[2]

---

[1] *See* Doc. 322.

[2] Doc. 489. Defendant was sentenced to 262 months' imprisonment on Count 1, and received equal or lesser sentences on the other counts, to run concurrently with the sentence on Count 1. *See id.* at 3.

Defendant appealed to the Tenth Circuit, arguing, *inter alia*, that this Court improperly applied a sentencing enhancement for firearms possession.[3] The Tenth Circuit found that the Court did not err in applying the enhancement.[4]

After Defendant prevailed on an ineffective assistance of counsel claim in a § 2255 action, on August 13, 2024 the Court resentenced Defendant to a controlling sentence of 188 months imprisonment.

On February 12, 2024, Defendant filed the instant motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 on the grounds that he is a Zero-Point Offender.[5]

## II.     Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[6] Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[7]

Additionally, the Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023.[8] Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline,

---

[3] *See United States v. Portillo-Uranga*, 28 F.4th 168, 171 (10th Cir. 2022).

[4] *Id.* at 180.

[5] Doc. 664. On July 16, 2024, the Court granted in part and denied in part Defendant's motion under 28 U.S.C. § 2255 (Doc. 639) and set the matter for resentencing.

[6] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[7] *See* 18 U.S.C. § 3582(c)(2).

[8] U.S. Sent'g Guidelines Manual (U.S. Sent'g Comm'n 2023).

§ 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[9] With respect to the guideline for Zero-Point Offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."[10]

## III.   Discussion

Defendant's motion, construed liberally, seeks a reduction in sentence based on Amendment 821 to the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2). As noted, Defendant maintains that he was assigned no criminal history points and that, accordingly, he is a Zero-Point Offender entitled to a decrease in two offense levels. However, as the government correctly argues, Defendant fails to meet Amendment 821's eligibility requirements.

---

[9] U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023).

[10] *See* U.S.S.G. § 4C1.1(a).

Defendant fails to qualify for a retroactive reduction under U.S.S.G. § 4C1.1 because he possessed a firearm in connection with the relevant offense.[11]  Indeed, Defendant received a two-level enhancement for utilizing a firearm during the commission of his offense, which was affirmed by the Tenth Circuit.[12]  Thus, the changes to the United States Sentencing Guidelines based on Amendment 821 are inapplicable to Defendant.  Because the sentence reduction is not authorized, the Court lacks jurisdiction to reduce Defendant's sentence.[13]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines (Doc. 664) is **dismissed**.

**IT IS SO ORDERED.**

Dated: August 15, 2024

                                             s/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[11] U.S.S.G. § 4C1.1(a)(7) (stating that adjustment for certain zero-point offenders applies only if the defendant did not possess a firearm or other dangerous weapon in connection with offense); *United States v. Verdin-Garcia*, No. 05-20017-01, 2024 WL 554043, at *2 (D. Kan. Feb. 12, 2024) (holding that the defendant was ineligible for an Amendment 821 reduction because he received a sentencing enhancement for using firearms during the offense).

[12] Doc. 490 at 1; *United States v. Portillo-Uranga*, 28 F.4th 168, 171 (10th Cir. 2022).

[13] *United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014).